**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AKA RAYMOND TANOH; ASSYE
EUGENE TANOH; OTCHOUMOU JEAN
MARIE TANOH; TIRAOGOPAUL
TAONSA; ISSIAKA JEAN PIERRE
TAPSOBA; NORAOGO SALFO
TARBAGDO; NOAGA TARIHIDIGA;
SANOYO TIDIANE; BERTE TIECOURA;
TRAORE TIEDIOUGOU; KALIFA
TRAORE; KONE TIEGBE; ISSA
TRAORE; NORAOGO MICHEL
TIENDREBEGO; ZANI TOGOLA;
TOMINDREU PHILIPPE TOMAN;
OUAMBI TONDE; LALLE TOUGOUMA;
ABOU DRAMANE TRAORE; ADAME
TRAORE; AROUNA TRAORE
BOUREIMA TRAORE; DAOUDA
TRAORE; LANCINE TRAORE; SALIA
TRAORE; SALIFOU TRAORE; SEKOU
TRAORE; ABDULAI UMARU; DARIUS
KOUASSI VANGAH; SAY FRANCIS
VANGAH; DEGUI VOGNIN; SOUMAILA
WAONGO; FIFOU JEAN MARIE
WAONGO; TILADO WAONGO; ANIBE
LAURENT WOGNE; AHIMI WOGNES;
ANIBE MAURICE WOGNIN;
KOUAMENAN JOSEPH WOGNIN;
KRAIDY EMILE WOGNIN; N'TAYE
WOGNIN;

No. 09-55138

D.C. No.
2:06-cv-07038-PA

PAUL WOGNIN; CHRISTOPHE YAMA; AFORI YAW; YEMDAOGO YAMMA; OUATTARA YBROYMAN; ALLEFELIX YANGRA; JOSEPH YANGUE; N'TAYE CELESTIN YAO; KOUDSI YERBANGA; BIGO YORO; KARIM YOUGBARE; BOKARE ZEBA; OUED AHMEND YOUSSOUF; BASSIROU ZARE; IDRISSA ZABRE; LAMOUSSA ZAGRE; ARZOURA AUGUSTIN ZANGRE; MOGTAR ZEBA; PAWENDSAGRE ZEMBO; MOUMOUNI ZERBO; SEKOU MAHAMADOU ZERBO; YACOUBA ZERBO; TANH THEOPHILE ZIAN; SOULEMANE ZOANGA; MAHAMOUDOU ZOGONA; PAMOUSSA ZOGONA; BOUKARE ZONGO; LOKRE ZOMODO; KAGARI ALBERT ZONGO; KOUDBI ZONGO; KOUKA ZONGO; KOULIBI DIT JEAN ZONGO; NOBILE ZONGO; PATIGNMA ZONGO; PIREGMA REMI ZONGO; TIBO ZONGO; KONATE ZOUMANA; YAOBGOAMDA ZONGO; OUAMNANEGBA ZOUNDI; BOUREIMA ZONGONA; SAIDOU ZONGONA; TAPHAZOROMI; BILA ISSIAKA ZOUGMORE; ATHANASE ZOUGNORE; TILADO ZOUGNORE; GANOAGA ADAMA ZOUGRANA; JEAN MARIE ZOUGRANA; PASSAMWINDE ZOUNDI,

　　　　　　　*Plaintiffs-Appellees,*

　　　　　　　v.

Dow Chemical Company, a
Delaware Corporation,
                    *Defendant-Appellant.*

Akebo Abagninin; Amangoua
Abli; Miessan Etienne Abli; Aba
Abou; Yapo Pierre Aboua; Koffi
Antoine Abri; Ampoh Adama
Toure Abry; Haruna
Abubakaray; Kroya Aca;
Simplice Achiepo; Avenie Adja;
Behira Venance Adja; Naoule
Adja; Wognin Barthelemy Adja;
Anouman Vanance Adje; Kouame
Emile Agney; Aka Francois
Adjobi; Kadjo Daniel Ahicoh;
Pascal Adjobi; Assmoi Lambert
Adjoby; Assi Adon; Adja
Bernard Adouko; Anibe Adouko;
Kouassi Antonin Adouko; michel
Adoukok; Cheikh Ahmedould;
Atche Ahoba; Guy Huston De
Lacosta Ahoussi; Baka Joachin
Ahoga; Adia Ahoulou; Kova
Gregoire Ahossin; Aka Pierre
Ahoua; Koffi Noel Ahoua; Adje
Lazare Ahoze; Vincent Aime;
Abel Aka; Abli Etienne
Aka;alfred Aka; Allangba
Bernard aka; Assohoun Raymond
Aka; Bognini Aka;

No. 09-55145
D.C. No.
2:06-cv-07061-PA

Koua Aka; Kouassi Jerome
Allangba; Niangra Joseph Aka;
Amon Jean Baptiste Allouan;
Ohouman Venance Aka; Wedje
Denis Aka; Soumahin Joseph
Akohi; Kraidi Marcelin Akredi;
Kouame Alla; Aka Jaques
Allangba; Anhobo Ernest
Allouan; Wognin Seraphin
Allouan; Ayenou Alphonse
Alou; Damo Alou; Diakite
Amadou; Kadjo Amon; Essi
Alphonse Amangoua; Baka
Amon; Kouame Ambroise
Amangoua; Vanga Jacques
Amangoua; Kouassi Arsene
Amani; Demele Amara; Kone
Amara; Adouko Amon; Kadjo
Blai Amon; Elidje ampoh;
Bangoura Amsoumany; N'Choh
Assemien; Denis Angbeni; Yebi
Daniel Assi; Elloh Blaise Anibe;
Holy Leon Anibe; N'Taye
Jacques Clotair Anibe; N'taye
Marc Anibe; aka Marius Anoh;
Anoh Felix Anoh; Kraidi Etienne
Anoh; Ngatta Anoh; Niamke
Anoma; Aka Emmanuel Assale;
Motche Assale; Bissie Bruno
Assamoi; Koffi Assamoi; Anguie
Jean Claude Assi;

KRAIODY THOMAS ASSEMIEN;
DOMINIQUE ASSONGBA; GBETONDJI
ASSOUAN; OTCHOUMOU MATHIAS
ASSOUHOUN; KOUAMELAN JOSEPH
ASSOUHOUN; BOMOI ATEKE; ABEU
JULIEN AYE; YAPO JEAN ATSAIN;
ANON JOSEPH ATSE; ADEPO ATTIE
VANGA ASSAMOI,
                         *Plaintiffs-Appellees,*

                  v.

DOW CHEMICAL COMPANY, a
Delaware Corporation,
                         *Defendant-Appellant.*

AHOULOU RAPHAEL KANGAH; KANY
JACOB KANY; ADAMA KARENE
DEMBELE KASSOUM; NORAOGO
KAYENDE; GANDA KAYORGO; ISSA
KAYORGO; MAMADI KEITA; OUMAR
KEITA; SIBIRI KEREGUE;
SOMLOUGUIA KEREGUE; NOGBU JEAN
KIDRI; NORAOGO FRANCOIS KIEMA;
DAOUDA KINDA; MAHAMA KINDO;
OUANGO KOALGA; OUSSENI
KOANDA; SAIDOU DIT TINKIENGA
KOANDA; KOUASSI PIERRE KOCOGNI;
ABIELEY KODIA;

No. 09-55147
D.C. No.
2:06-cv-07059-PA

ABLI JEROME KOFFI; ABRI FIRMIN
KOFFI; ASSAMOI KOFFI; KACORE
BASILE KOFFI; PATRICE KOFFI; YAO
KOFFI; NOGBOU NORBERT KOHOBO;
AYEMOU FRANCOIS KOKOGNI; ADIKO
JEAN MARIE KOKOHI; AMANI
ETIENNE KONAN; N'GORAN KONAN;
ABDOULAYE KONATE; BOCARY
KONATE; DIAKARIDIA KONATE;
DRAMANE KONATE; IDRISSA KONATE;
ISSA KONATE; KAH KONATE; KASSIM
KONATE; KOTIGUI KONATE;
MAMADOU KONATE; MORIBA
KONATE; MORIDJE KONATE;
SOULEYMANE KONATE; TIEDIAN
KONATE; TIENAKAN KONATE
KARAWA KONDA; YAMANGOLE
KONDA; ABDOULAYE KONE; ADAMA
KONE ANADOU KONE; DIABY KONE;
DRAMANE KONE; INZA KONE; ISSA
KONE; LASSINA KONE; OUMAR
KONE; SIAKA KONE; SOULEYMANE
KONE SOUMAILA KONE; TIEKORO
KONE; YAYA KONE; ZAKARIA KONE;
ISSA KONKISRE; YETASSIDA
KONKOBO; IBRAHIMA KONTA; BASGA
KORSAGA; KADJO EDMOND KOUA;
KOUASSI EDMOND KOUA; OPOKOU
DENIS KOUA; MARC KOUADIO;
ATSAIN PETER KOUADJO; KOFFI
HILAIRE LEON KOUAKOU; KOUAME
KOUAME; KOUASSI KOUAME;

SANGA GEORGE KOUASSY;I MICHEL
KOUAME; BAWAYA KOUDA;
RAYMOND KOUAME; AHIMIN DENIS
KOUAMELAN; ASSEMIAN
KOUAMELAN; ANTONIN KOUASSI;
EBIA PAUL KOUASSI; GERMAIN
AHOU KOUASSI; NOGBOU KOUASSI;
OTRON SEVERIN KOUASSI; YAO
DJESS KOUASSI; AKA GERMAN
KOUMELAN; ZAMBENDE KOUDOUGOU;
ADAMA KOURAOGO; SOUMANE
KOURAOGO; RASMANE KOURAOGO,
            *Plaintiffs-Appellees,*

                  v.

DOW CHEMICAL COMPANY, a
Delaware Corporation,
            *Defendant-Appellant.*

KALLILOU DIARRASSOUBA; HADO
DIATIN; DJAKARIDJA DIOURIE; IRISSA
DIPAMA; VONAN MARCEL DJAIDJI;
JEAN DJAMBLE; DIAKIRO DJIBOUGOU;
CAMARA DJIBRIL; EDJA DJIRIKO;
N'GATTA GEORGES DJONWAN;
LEBENIDIOUO; IDRISSA DOULKOM;
AMADOU DOUMBIA; BOURLAYE
DOUMBIA; CHIO DOUMBIA;

No. 09-55148
D.C. No.
2:06-cv-07043-PA

DABLE DOUTI; AKA EHIVE; ASSALE
EHOLE; ASSEMIEN EHOUSSOU; ABLE
PIERRE EKRA; MOH ANDRE ELIDJE;
GERMAIN ELLO; VANGAH ELLOH;
ADJROUFOU MAURICE ESSEY ETKERI
ETEKRI; KOUASSI IVES FRANCOIS
XAVIER EYA; KASSOURI FANE; YAO
BENJAMIN FOTO; OUSMANE GANAME;
MOCTAR GANSAGNE; KOUAKOU
GANZAN; KONATE LAMINE GNAMY;
LAYA BONIFACE GNIMINOU; ADAMA
KONE GOMON; ZILA GUEL; ABLASSE
GUIATIN; EDMOND GUIATIN; KOUKA
GUIATIN; LAMOUSSA GUIATIN;
OUSMANE GUIATIN; YAYA GUIATIN;
HAMIDOU GUIRE; SOUMAILA GUIRE;
TASSARE GUIRE KPALE JULES
HAHOBA; SEINI BABA HAMADOU;
BOMANE HEBIE; BARBEY HEMA;
HANOU FRANCOIS HEMA;
MOUONNOUMON HIEN; WINYEL
HIEN; AHOUA ARSENE HOLLY;
N'GUESSAN HOLLY; HOUA TEKE
HOUA; YEHOU JULES HOUETCHEMOU;
INNOCENT HOUNDONOUGBO;
DASSAMSSO ILBOUDO; PAGNIMDI
ILBOUDO; RAOGO ILBOUDO;
TIBYANDE ILBOUDO; YABRE
BOUREIMA ILBOUDO; KOYATE ISSA;
TRAORE ISSA; KPOLE JEAN; NIANGUE
JEAN; LANCINA KABAGATE;
BOUREIMA KABOLOM; BOUDNOMA
KABORE;

FRANCOIS XAVIER KABORE; KARIN
KABORE; MAMADOU KABORE;
OUSMANE KABORE; PASSIGBAMBA
TASSERE KABORE; PASSINGUE YAOBA
KABORE; RATAMALGDA ALFRED
KABORE; SIBIRI KABORE; TIBILA
KABORE; TOUSSAGA KABORE;
SANDAOGO KABRE; KRAIDI FREDERIC
KACOU; NOGBOU DAVID KACOU;
N'TAH JULES KACOU; N'TAYE EMILE
KACOU; ASSOHOUN YACINTHE
ARMEL KADJO; AHOULOU MOISE
KADJO; AYEMOU LAURENT KADJO;
AYEMOU RAYMOND KADJO; MIESSAN
DENIS KADJO; RENE KADJO;
VANGAH KADJO; TANGA RASMANE
KAFANDO; AMON BARTHELEMY
KAKJO; ESSE KAKOU; OMPIRE
KAMBOU; MAMADOU KANATE,
                    *Plaintiffs-Appellees,*

                    v.

DOW CHEMICAL COMPANY, a
Delaware Corporation,
                    *Defendant-Appellant.*

POUPOIN JEAN PIMMA; DANSINE
PLEA; ACHIEDO JONAS POKOU;
KOUKOUA FRANCOIS POPOUIN;
SOUMAILA POROGO; ISSIAKA POROGO
ABDOU QUEDRAOGO; GNISSIRI
RAMDE; RAOGO RANDWIDI; TIENOKO
SAGNON; TRAORE SAIDOU; IRISSA
SAKANDE; NARAOGO SALOU;
MOUSSA SAMAKE; IDRISSA SANA;
SALFO SANA; SAOUMAILA SANA;
EDMOND SANDWIDI; IRISSA
SANDWIDI; LARBA HAMADO
SANDWIDI; NONGMA SANDWIDI;
NOUFOU SANDWIDI; RAMANE
SANDWIDI; SAYDOU SANDWIDI;
EMMANUEL SANGA; ABDOULAYE
SANGARE; ADAMA SANGARE;
BIRAMA SANGARE; BRAHIMA
SANGARE; MAMADOU SANGARE;
SALIFOU SANGARE SIDIKI SANGARE;
SOULEYMANE SANGARE; HAMADE
SANKARA; MAROU SANKARA;

LANOUSSA SANKE; YOUSSOUFI
SANOGO; KODJO AMBOISE SANTIN;
ADAMA SARBA; DARIQUIO RASMANE
SAVADOGO; KARIM SAVADOGO;
LEONARD SAVADOGO; RATOGZITA
MARCEL SAVADOGO; ARDOUL RAHIN
SAWADOGO; HANIDOU SAWADOGO;
ISSA SAWADOGO; OUSSENI
SAWADOGO; PALIKIDI SAWADOGO;
RAFAEL SAWADOGO; SEIDOU BODGO
SAWADOGO; TOUKOUMNOGO
SAWADOGO; YABRE HAMADO
SAWADOGO; MOUSSA SEDOGO;
OUTTARA SEIDOU; KONTA SEKOU;
NAUD SERGE; KONE SIAKA;
ABDOURAHAME SIDIBE; SATIGUI
SIDIBE; YAYA SIDIBE; MAMOUROU
SIDIDE; BERTHE SIDIKI; MOUSSA
SIMPORE; PAKI NWEOGO SIMPORE;
YAMBA SINARE; TOURE SIRAMANA;
DOGOBIE SIRIBIE; LASSINA SIRIBIE;
YAYA SIRIBIE; NOUFOU SODRE;

No. 09-55153
D.C. No.
2:06-cv-07058-PA

SEKOU SOGODOGO; KISSI ANTOINE
SOMAHIN; SAMOUOR SOMDA; TIKORA
SOMDA; ALFRED SOME; ANYEL
SOME; BELIYAN JEAN PIERRE SOME;
DAR SOME; FRANCOIS XAVIER SOME;
GNONOUOR SOME; KOUNYERE SOME;
WINEYEL SOME; WINIDEMA SOME;
SALIFOU SONDO; MOUSSA SORE;
SONGDA SORGHO; BOUREIMA SORO;
SIDIKI SOUGUE; KONATE
SOULEYMANE; LAMINE OUATTARA
SOULEYMANE; BOUKARE SOULGA;
ZOUMANA SOUMAHORO; KONE
SOUMAILA; JEROME TADE; BI TAH
RENE TAH; CAMARA TAMBA;
LEBENDE SANDWIDI,
                    *Plaintiffs-Appellees,*

                    v.

DOW CHEMICAL COMPANY, a
Delaware Corporation,
                    *Defendant-Appellant.*

AKA GEORGES AYEMOU; ATTEKE
ADOLPHE AYEMOU; NOGBOU
ANATOLE AYEMOU; YACOUBA BA;
OUATTARA BABALA; DOUNGASSE
BABEM; NOAGA BABOLOUM;
BAGUIBDUE BADO; OUMAROU
BADOLO; YACOUBA BADOLO; KWASI
BADU; DIAKITE BOURLAYE;
GOURASSA BOUSSIM; BADIOU BADO;
ZABOURE HAMADOU BOUSSIM;
KOUDOUGOU DENIS BAGRE; ADJE
BROU BROU; ROGER BROU; MOUSSA
CAMARA; TIEFINI CAMARA; DOUMBIA
CHIO; RAOGO COMPAORE; ISSOUF
COMPAORE; RASMANE COMPAORE;
SOULEYMANE COMPAORE;
TILAGAGNANDE COMPAORE; PATENDE
CONGO; WAHABO BAGAGNAN;
ADAMA BAGAYOGO; VANGA
FRANCOIS BAKA; OUATTARRA
BAKARI; KONATE BAKARY; BAGNON
DIT MATHIAS BAKO; KAYOURE
ISSAKA BALIMA; BAKARY BALLO;
SIDIK COULIBALY; SILAMBO DA;
BROU JUSTIN DABIRE; DONBOR
DABIRE; MILO DABIRE ANONA
DABIRI; KOUNOU BERNARD
DADEGNON; BAH ALBERT BAH;
MOUSSA DAGNOGO; FRANCOIS
BALMA;

No. 09-55156
D.C. No.
2:06-cv-07060-PA

MARTIN EMERITE DAH; CRAIDY
ANTOINE DAIKRI; KOFFI ANTOINE
DAINGUY; KRAIDI JOSEPH DAINGUY;
AGUSTINE DANQUAH; KOUASSI
CLEMENT DEDE; GUEHI MARTIN
DEHE; DJAKARIDJA DEMBELE;
GBEGUELE BAMBA; LACINA
BAMOUNI; MAHAMOUDOU BANGRE;
BOULBOURE BANSE; HAMIDOU
BARRY; TOUNI BAYE; BOUILION
BAYELI; BALELE BAZIE; DRAMANE
BELEM; YACOUBA DENE; KOVAO
ALBERT DGRI; KARAMOKO DIABATE;
MADY DIABATE; BOZAN DIAKITE;
MAMADOU DIAKITE; BOUDRAMANE
DIALLO; SYLVAIN BALMA;
ALHASSANE DIALLO; UKIEBIE
DIANOU; ISSOUFOU DIALLO; MOCTAR
DIALLO; TINBILA DIALLO; YAYA
DIARRA; BILA BEOGO; BOUREIMA
BERE; MELAN BILE; AMANGOUA
MOISE BLE; BAKARY DIARRA; BAH
EMILE BLE; N'TAYE RAYMOND
BOSSON; KOFFI BOHOUSSOU;
HOUINSOU JOANIE BOKE; NIAMKE
BOMMOA; PIERRE BONNIN; TANOH
BONY; KOUDAOGO BOUDAU; GUEU
CHRISTOPHE BOUEU; KINDO
BOUBACOU;

HAMADO BOUGMA; KONE BOURANA; SAIDOU BOUGMA,

*Plaintiffs-Appellees,*

v.

DOW CHEMICAL COMPANY, a Delaware Corporation,

*Defendant-Appellant.*

AKA FRANCIOS KOVASSI; KRADI MARCELIN KREDI; BAORE SALIF LAGUEMPENDO; WENNEMI LAGUEMPENDO; OUTTARA LAMINE; KEITA LASSANE; ABDOULAYE LOURE; PAUL MACOUIMA; HAMADOU MAIGA; DIOMANDE MAMADOU; OUATTARA MAMADOU; KOUNTOMBASBA NANA; OUSSEINI MANDE; SOUMARE MOUSSA; TANO JEROME MANDESSOU; SOUMAILA MARIKO; DIARASSOUBA MATIE; KALFA MILLOGO; SIAN MILLOGO; MATIKPON FIDELE MINAVOA; KRAIDY EUGENE MOSSOUN; MOH MOSSOUN; MOSSOUN RAYMOND MOSSOUN; CISSE MOURINOU; KONE MOUSSA; DIBIRI DRAMANE NANA;

No. 09-55160

D.C. No.
2:06-cv-07067-PA

OPINION

TIGA BOUREIMA NANA; TINGA
GILBERT NANA; TINGRA NANA;
RASSABLEGA NANEMA; YAMBA
NASERE; DAOGO NASRE; RAOGO
NATAMA; YABRE NATAMA;
OUSMANE NEBIE; EDMOND CLEMENT
TIMOLEON NEBOUT; ANOH ALPHONSE
N'GATTA; KOUADIO ERIC N'GORAN;
BOMOUAN FREDERIC N'GUESSAN;
KOKOBO ETIENNE N'GUESSAN; ASSI
MICHEL NIAMA ESSY NIAMIEN;
DANGUI ELOI NIAMKE; AKA
RAPHAEL NINTIN; OUSMANE KONE
NIDIANTIEN; AMOU NINTIN;
KOUDOUGOU FRANCOIS NIKIEMA;
LOUGRI NIKIEMA; TEGAWINDE DENIS
NIKIEMA; TIGA NIKIEMA; CAMARA
NINGOU; ANOH LOUIS N'KO; LEON
NOBOU; KONE; SIAKAKONE;
SOULEYMANE KNOW; SOUMAILA
KONE; TIEKORO KNOW; YAKY
KONE; ZAKARIA KONE; ISSA
KONKISRE; YETASSIDA; KONKOBO;
IBRAHAIM KNOTA; BASGA KORSAGA;
KADJO EDMOND KOUA; KOUASSI
EDMOND KOUA; OPOKOU DENIS
KOUA; AKA GERMAN KOUMELAN;
MARC KOUADIO; ADAMA
KOURAOGO; ATSAIN PETER
KOUADJO;

Koffi Hilaire Leon Louakou;
Kouame Kouame; Kouassi
Kouame; Michel Kouame;
Raymond Kouame; Ahimin Denis
Kouamelian; Assemian
Kouamilan; Antonin Kouassi;
Ebia Paul Kouassi; Germain
Ahou Kouassi; Nogbou Kouassi;
Otron Severin Kouassi; Yao
Djess Kouassi; Sanga George
Kouassy; Bawaya Kouda;
Zambende Koudougou; Rasmane
Kouraogo; Soumane Kouraogo,
                *Plaintiffs-Appellees,*

                    v.

Dow Chemical Company, a
Delaware Corporation,
                *Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted
March 10, 2009—Pasadena, California

Filed March 27, 2009

Before: Michael Daly Hawkins, Marsha S. Berzon and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Berzon

---

**COUNSEL**

Michael Brem (argued), Schirrmeister Diaz-Arrastia Brem LLP, Houston, Texas; Edwin V. Woodsome, D. Barclay Edmundson, and Andrew S. Wong, Orrick, Herrington & Sutcliffe LLP, Los Angeles, California, for defendant-appellant The Dow Chemical Company.

Raphael Metzger, Greg Coolidge, and Kathryn Darnell (argued), Metzger Law Group, Long Beach, California, for plaintiffs-appellees Aka Raymond Tanoh, et al.

---

**OPINION**

BERZON, Circuit Judge:

We are asked to decide whether seven individual state court actions, each with fewer than one hundred plaintiffs, should be treated as one "mass action" eligible for removal to federal court under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). CAFA extends federal removal jurisdiction only to civil actions "in which monetary relief claims of 100 or more persons are proposed to be tried

jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). As neither the parties nor the trial court has proposed jointly trying the claims of one hundred or more plaintiffs in this case, we affirm the district court's order remanding each of the seven individual actions to state court.

## FACTS

Defendant-Appellant The Dow Chemical Company ("Dow") appeals the district court's order remanding the toxic tort claims of 664 West African foreign nationals to state court. Plaintiffs allege that they were exposed to a Dow product containing 1,2-dibromo-3-chloropropane ("DBCP") while working on banana and pineapple plantations in the villages of Ono and Kakoukro in the Ivory Coast.[1] Plaintiffs claim to have suffered a host of serious and permanent injuries as a result of exposure to DBCP, including sterility and infertility. On September 27, 2006, plaintiffs filed suit against Dow and several other defendants in Los Angeles Superior Court, asserting claims for negligence, misbranding, defective design, fraudulent concealment, breach of implied warranties, and battery. They did so in seven separate actions, each of which included fewer than one hundred plaintiffs.

Dow subsequently filed a notice of removal to federal court, asserting both federal diversity jurisdiction and jurisdiction under CAFA. Dow argued, *inter alia*, that there was complete diversity between plaintiffs and all properly joined

---

[1]DBCP was commonly used in pesticides to control nematodes, microscopic worms that infest the roots of plants. Plaintiffs allege that although DBCP manufacturers realized that it was "the most potent testicular toxin known to science" as early as the 1950s, they continued to distribute agricultural products containing DBCP well into the 1980s. The EPA suspended domestic use of DBCP in 1979 but did not ban export of the pesticide. Despite the domestic ban, plaintiffs claim, Dow continued to supply pesticides containing DBCP to plantations in the Ivory Coast until at least 1986.

defendants; that several California defendants (AMVAC Chemical Corporation, Dole Food Company, Dole Fresh Fruit Company, Standard Fruit and Steamship Company, and Standard Fruit Company) had been fraudulently joined to defeat removal to federal court; and that the seven actions filed by plaintiffs, taken together, qualified as a "mass action" removable to federal court under CAFA. CAFA defines a "mass action" as

> any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

28 U.S.C. §1332(d)(11)(B)(i). The statute specifies that a " 'mass action' shall not include any civil action in which . . . (II) the claims are joined upon motion of a defendant; . . . or (IV) the claims have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii).

The district court remanded the actions to state court *sua sponte*, holding that defendants had failed to show that the California companies were fraudulently joined and that removal under CAFA was not proper because each of the actions involved fewer than the one hundred plaintiff statutory minimum for a "mass action" under CAFA. The district court specifically rejected defendants' argument that the claims should be removable because plaintiffs had "strategically sought to avoid federal jurisdiction" by filing several separate state court actions in groups fewer than one hundred. Emphasizing that CAFA specifically excludes actions in which claims have been "joined upon motion of a defendant" from the definition of a "mass action," the court concluded that "[to allow] removal in this case would effect an end-run around

the limits Congress itself has imposed on removal pursuant to CAFA."

On appeal of the district court's *sua sponte* remand orders, a prior panel of this court vacated and remanded, holding that the district court exceeded its authority by ordering a remand *sua sponte*. *See Ayemou v. AMVAC Chemical Corp.*, No. 06-56826 (9th Cir. Aug. 20, 2008). Plaintiffs subsequently filed a motion to remand their claims to state court, arguing, *inter alia*, that defendants had failed to demonstrate that plaintiffs' claims satisfied the $75,000 amount in controversy requirement for federal diversity jurisdiction or the $5,000,000 amount in controversy requirement for removing a "mass action" to federal court under CAFA. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682-86, 688-90 (9th Cir. 2006). Plaintiffs also claimed that none of the state court actions were "mass actions" under CAFA because each of the seven suits involved fewer than one hundred plaintiffs.

The district court granted plaintiffs' motion to remand on October 21, relying almost verbatim on the reasoning contained in its earlier *sua sponte* orders. Dow sought permission to appeal the district court's refusal to exercise jurisdiction under CAFA pursuant to 28 U.S.C. § 1453(c).[2] This court granted permission to appeal on January 29, 2009.[3] We review the district court's remand order de novo. *See Abrego Abrego*, 443 F.3d at 679.

---

[2]Section 1453(c) governs removal of class actions to federal court, specifically providing that "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than 7 days after entry of the order." In *Amalgamated Transit Union Local 1309 v. Laidlaw Transit Services, Inc.*, 435 F.3d 1140 (9th Cir. 2006), we held that the last clause of § 1453(c) contains an error, construing the provision to require that the application to appeal be made not *more* than seven days after the district court's order. *Id.* at 1145-46.

[3]On February 3, 2009, this court *sua sponte* consolidated Dow's appeals in all seven cases.

**ANALYSIS**

**I.**

The primary issue before us is whether seven individual state court actions, each with fewer than one hundred plaintiffs, should be treated as one "mass action" eligible for removal to federal court under CAFA. To answer this question, we turn to the language of the statute, after first placing that language in context. *See Dodd v. United States*, 545 U.S. 353, 357 (2005).

Congress enacted CAFA in 2005 to "assure fair and prompt recoveries for class members with legitimate claims; [to] restore the intent of the framers . . . by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction; and [to] benefit society by encouraging innovation and lowering consumer prices." CAFA § 2, 119 Stat. at 5. As this description of the Act's purposes makes clear, CAFA was designed primarily to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multistate or even national class actions in state courts. *See id.* at 4-5. At the same time, however, section 4(a)(11) of the Act also extended federal removal jurisdiction to "mass actions," which were defined as "any civil action (except a [class action]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." CAFA § 4(a)(11)(B)(i), 28 U.S.C. § 1332(d)(11)(B)(i). This "mass action" provision is at the heart of the current appeal.

**[1]** Although plaintiffs in a mass action, unlike in a class action, do not seek to represent the interests of parties not before the court, CAFA provides that a qualifying mass action "shall be deemed to be a class action" removable to federal court under the Act, so long as the rest of CAFA's jurisdictional requirements are met. *See* 28 U.S.C. § 1332(d)(11)(A).

Among these requirements, the aggregate amount in controversy must exceed "$5,000,000, exclusive of interest and costs," and at least one plaintiff must be a citizen of a state or foreign state different from that of any defendant. *See* 28 U.S.C. § 1332 (d)(2), (6). Subsection (d)(11) further limits federal removal jurisdiction in a "mass action" to "those plaintiffs whose claims in a mass action satisfy the [$75,000] jurisdictional amount [in controversy] requirements" for federal diversity jurisdiction.[4] 28 U.S.C. § 1332(d)(11)(B)(i).

[2] Although CAFA thus extends federal diversity jurisdiction to both class actions and certain mass actions, the latter provision is fairly narrow. As noted above, CAFA's "mass action" provision applies only to civil actions in which the "monetary relief claims of 100 or more persons are proposed to be tried jointly." 28 U.S.C. § 1332(d)(11)(B)(i). By its plain terms, § 1332(d)(11) therefore does not apply to plaintiffs' claims in this case, as none of the seven state court actions involves the claims of one hundred or more plaintiffs, and neither the parties nor the trial court has proposed consolidating the actions for trial.

[3] "[W]hen the statute's language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted). In this case, concluding that plaintiffs' claims fall outside CAFA's removal provisions is not absurd, but rather is consistent with both the well-established rule that plaintiffs, as masters of their complaint, may choose their forum by selecting state over federal court and with the equally well-

---

[4]In *Abrego Abrego*, we left open the question whether this clause requires that one hundred or more plaintiffs individually satisfy the $75,000 amount in controversy requirement for federal diversity jurisdiction to qualify as a "mass action" under CAFA. *See* 443 F.3d at 686-88. Given our disposition in this case, we once again do not decide the issue.

established presumption against federal removal jurisdiction. *See Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998-99 (9th Cir. 2007). We therefore hold that CAFA's "mass action" provisions do not permit a defendant to remove to federal court separate state court actions, each involving the monetary claims of fewer than one hundred plaintiffs.

## II.

**[4]** In spite of the statutory language, Dow contends that allowing plaintiffs to "evade" CAFA by "artificially structur-[ing]" their lawsuits to avoid removal to federal court would be inconsistent with congressional purpose. Relying on both the Act's legislative history and two recent, out-of-circuit decisions interpreting a separate provision of the Act, Dow urges us to conclude that plaintiffs' seven actions, viewed together, constitute a single "mass action" under CAFA. Dow's arguments are unpersuasive, for several reasons.

**[5]** First, as the district court correctly noted, Congress appears to have foreseen the situation presented in this case and specifically decided the issue in plaintiffs' favor. In addition to requiring that a "mass action" include the claims of at least one hundred plaintiffs "proposed to be tried jointly," § 1332(d)(11) specifically provides that "the term 'mass action' shall *not* include any civil action in which . . . the claims are joined upon motion of a defendant." 28 U.S.C. § 1332(d)(11)(B)(ii)(II) (emphasis added). Congress anticipated, in other words, that defendants like Dow might attempt to consolidate several smaller state court actions into one "mass action," and specifically directed that such a consolidated action was *not* a mass action eligible for removal under CAFA.

**[6]** In light of this statutory directive, we fail to see how the result could be any different in a case such as this one, in which Dow — while never formally moving to consolidate plaintiffs' claims — urges us to treat those claims as if they

should have been consolidated for purposes of removal under CAFA. The absence of a formal motion cannot blink away the fact that Dow, the defendant, is asking us to consolidate separate actions for purposes of applying the "mass action" provision. A "motion" is nothing more than "a written or oral application requesting a court to make a specified ruling or order," *Black's Law Dictionary* 1036 (8th ed. 2004), so Dow's request precisely fits the statutory limitation. By expressly removing state court actions "joined upon motion of a defendant" from CAFA's reach, Congress intended to allow suits filed on behalf of fewer than one hundred plaintiffs to remain in state court, notwithstanding defendants' wishes for consolidation, however expressed.

**[7]** Second, CAFA contains similar language regarding claims "consolidated or coordinated solely for pretrial proceedings," again specifying that such actions do not qualify as "mass actions." *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(IV). This provision reinforces our conclusion that Congress intended to limit the numerosity component of mass actions quite severely by including only actions in which the trial itself would address the claims of at least one hundred plaintiffs. In the face of this detailed definition of a "mass action," we cannot sensibly entertain the notion that Congress intended to allow courts to override the considered legislative limitations on the "mass action" concept.

**[8]** Third, although Dow relies heavily on CAFA's legislative history to argue that plaintiffs should not be permitted to "game" jurisdictional statutes to remain in state court, this legislative history — to the extent it is pertinent[5] — merely

---

[5]Dow relies heavily on a Senate Committee report that was not printed until ten days *after* CAFA's passage into law. *See* S. Rep. No. 109-14, at 79 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 73; *Abrego Abrego*, 443 F.3d at 683. The Report is therefore of minimal, if any, value in discerning congressional intent, as it was not before the Senate at the time of CAFA's enactment. *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57-58 (2d Cir. 2006) (specifically disclaiming reliance on S. Rep. No. 109-14).

reaffirms our conclusion that plaintiffs' claims are not removable. Dow argues that CAFA's primary purpose was to prevent plaintiffs' lawyers from abusing the class action device, often by filing several "copycat" actions alleging the same injuries on behalf of the same class of plaintiffs in different state courts. While this may well be true, Dow fails to explain how such concerns apply to this case, in which seven *different* groups of plaintiffs, none of which purport to represent a nationwide class, allege the same injuries in the *same* court. Certainly, competing claims to represent the same class of plaintiffs might raise concerns that overlapping or identical claims would be litigated in multiple jurisdictions. But such concerns simply do not apply in this case, in which plaintiffs expressly elected *not* to proceed as a class.

**[9]** Moreover, while Dow cites a litany of passages from CAFA's legislative history evincing general concern over "copycat" class actions and jurisdictional "gamesmanship," those sections of the Senate Report specifically addressing CAFA's "mass action" provisions support our interpretation of the statute. The Report describes "mass actions," for example, as "suits that are brought on behalf of numerous named plaintiffs who claim that their suits present common questions of law or fact that should be tried together even though they do not seek class certification status," thus emphasizing that the decision to try claims jointly and thus qualify as a "mass action" under CAFA should remain, as we concluded above, with plaintiffs. S. Rep. No. 109-14, at 46; *see also id.* ("Under subsection 1332(d)(11), any civil action *in which 100 or more named parties* seek to try their claims for monetary relief together will be treated as a class action for jurisdictional purposes." (emphasis added)). Similarly, the Report specifies that a "mass action" meeting CAFA's jurisdictional requirements "would not be eligible for federal jurisdiction if . . . . the defendants (not the plaintiffs) sought to join the claims." *Id.* These passages bolster our conclusion that removal under CAFA is limited to cases in which one hundred or more plaintiffs elect to try their claims together.

Fourth, the out-of-circuit cases relied upon by Dow do not detract from our conclusion, as none of them addressed CAFA's "mass action" or numerosity provisions. Both *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008), and *Proffitt v. Abbott Laboratories*, 2008 WL 4401367 (E.D. Tenn. Sept. 23, 2008), involved plaintiffs who attempted to split their claims into multiple suits covering discrete time periods so as to expand their recovery without triggering CAFA's $5 million amount in controversy requirement. In *Freeman*, for example, plaintiffs divided their nuisance class action against a paper mill into "five separate suits covering distinct six-month time periods, with plaintiffs' limiting the total damages for each suit to less than CAFA's $5 million threshold." 551 F.3d at 406. In *Proffitt*, plaintiffs similarly divided their anti-trust class action into "eleven lawsuits that are identical except for the time periods that they allege to cover." 2008 WL 4401367 at *1. Each of the eleven complaints included a disclaimer limiting damages for the covered time period to $4,999,000. *Id.* at *2.

In both cases, the court rejected plaintiffs' creative attempts to avoid CAFA's amount in controversy requirement, holding that removal was proper because the time divisions were "completely arbitrary," as there was "no colorable reason for breaking up the lawsuits in this fashion, other than to avoid federal jurisdiction." *Freeman*, 551 F.3d at 407; *Proffitt*, 2008 WL 4401367 at *2. Central to the courts' holdings, however, was the fact that both sets of plaintiffs split their claims in an effort to seek well over $5 million in total damages without triggering federal removal jurisdiction. As the Sixth Circuit explained, plaintiffs are generally allowed to plead around federal jurisdiction at a cost: they must limit the damages they seek to less than CAFA's $5 million threshold. *See* 551 F.3d at 409. Permitting plaintiffs to split their claims arbitrarily by time period threatened to subvert this rule, enabling plaintiffs to seek well over $5 million — in *Freeman*, for example, almost $25 million among the five suits — without subjecting themselves to federal removal jurisdiction. The court rebuffed

this end-run around CAFA, holding that "where recovery is expanded, rather than limited, by virtue of splintering of lawsuits for no colorable reason, the total of such identical splintered lawsuits may be aggregated." *Id.*; *see also Proffitt*, 2008 WL 4401367 at *5.

The concerns animating *Freeman* and *Proffitt* simply are not present in this case, as none of the seven groups of plaintiffs has divided its claims into separate lawsuits to expand recovery. To the contrary, each of the seven state court actions was brought on behalf of a *different* set of plaintiffs, meaning that none of the plaintiff groups stands to recover in excess of CAFA's $5 million threshold between the seven suits.

More importantly, neither *Freeman* nor *Proffitt* addressed the specific statutory provisions at issue here. Both cases involved class actions rather than mass actions, and it was undisputed that both plaintiff classes easily exceeded CAFA's one hundred plaintiff threshold. *See Freeman*, 551 F.3d at 406 (describing plaintiff class of three hundred landowners); *Proffitt*, 2008 WL 4401367 at *2 (noting that plaintiffs in antitrust class action did not challenge removal on basis of class size). Neither court therefore had the opportunity to address whether several individual state court actions, filed on behalf of different groups of fewer than one hundred plaintiffs, should be treated as one "mass action" under CAFA.[6] More-

---

[6]The same is true of another recent case cited by Dow, *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759 (7th Cir. 2008). In that case, 144 plaintiffs sought damages for exposure to chemicals that had allegedly escaped from a nearby wood-processing plant. *Id.* at 761. The court held that by filing a complaint on behalf of 144 residents injured by the leak, plaintiffs had proposed jointly trying the claims of one hundred or more people, triggering removal under CAFA. *Id.* at 761-62. The Seventh Circuit had no occasion to consider whether multiple state court actions involving fewer than one hundred plaintiffs could be removed under CAFA as a single mass action, as plaintiffs' complaint in *Bullard*, on its face, asserted claims on behalf of more than one hundred individuals.

over, both *Freeman* and *Proffitt* involved an issue — the splitting of plaintiffs' claims by time period — as to which CAFA's class action provisions are completely silent. In this case, by contrast, the statute speaks directly to the issue at hand, specifying that claims "joined upon motion of a defendant" do not qualify for removal to federal court under CAFA.

Dow, of course, urges us to adopt a broader reading of *Freeman* and *Proffitt*, arguing that those cases stand for the general proposition that plaintiffs' lawyers cannot "game" the system by artificially structuring their suits so as to avoid CAFA jurisdiction. The decisions themselves, however, disclaim any such reading. The Sixth Circuit specifically "limited [its holding] to the situation where there is no colorable basis for dividing up the sought-for retrospective relief *into separate time periods*, other than to frustrate CAFA." *Freeman*, 551 F.3d at 409 (emphasis added). Moreover, as noted above, *Freeman*'s holding was limited to cases "where recovery is expanded, rather than limited, by virtue of splintering of lawsuits." *Id.* In the same paragraph, the Sixth Circuit reaffirmed the general rule that "if a plaintiff 'does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.' " *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)).

### III.

**[10]** In short, by its plain language, CAFA's "mass action" provisions apply only to civil actions in which "monetary relief claims of 100 or more persons are proposed to be tried jointly." 28 U.S.C. § 1332(d)(11)(B)(i). None of the seven state court actions removed to federal court by Dow involves the claims of one hundred or more persons proposed to be tried jointly, and the actions are therefore not removable to federal court under CAFA.

Plaintiffs' separate state court actions may, of course, become removable at same later point if plaintiffs seek to join the claims for trial. *See Bullard*, 535 F.3d at 761-62. We express no opinion as to whether a state court's *sua sponte* joinder of claims might allow a defendant to remove separately filed actions to federal court as a single "mass action" under CAFA.

In light of our disposition, we also do not reach plaintiffs' alternative argument that Dow has failed to establish that plaintiffs' claims satisfy CAFA's jurisdictional amount in controversy requirements. *See generally Abrego Abrego*, 443 F.3d at 680-90.

AFFIRMED.