O’SCANNLAIN, Circuit Judge,
concurring:
I concur in the opinion and judgment except as to Part III.B. As the opinion itself notes, “ ‘[w]hen the words of a statute are unambiguous, ... judicial inquiry is complete.’ ” Op. at 1798 (quoting Conn. Nat’l Bank v. Germain, 508 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (internal quotation marks omitted)). Because we conclude that the text of CAFA’s local controversy exception is unambiguous, I see no need to engage in a lengthy discussion of its legislative history. In my view, the extended quotation and discussion of the legislative history will only serve to obscure our reading of the plain text of CAFA. See Ratzlaf v. United States, 510 U.S. 135, 147-48, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (“[W]e do not resort to legislative history to cloud a statutory text that is clear.”).
In any event, I am skeptical that Senate Report No. 109-14 even qualifies as “legislative history,” given that it “was not submitted until eighteen days after the Senate had passed the bill, eleven days after the House had passed the bill, and ten days after the President signed the bill into law.” Amalgamated Transit Union Local 1309 v. Laidlaw Transit Servs., Inc., 448 F.3d 1092, 1096 (9th Cir.2006) (Bybee, J., dissenting from denial of rehearing en banc). “The Report is therefore of minimal, if any, value in discerning congressional intent, as it was not before the Senate at the time of CAFA’s enactment.” Tanoh v. Dow Chem. Co., 561 F.3d 945, 954 n. 5 (9th Cir.2009). For this reason alone, we can reject any decisions relying on this Report without having to parse its examples.