FISHER, Circuit Judge,
concurring in part and dissenting in part:
I join in the per curiam opinion with the exception of the last paragraph, which reverses and remands to the district court to exercise jurisdiction over this case. Because it is not clear that the district court considered the Cimino declaration, and because I do not believe that the declaration is sufficient as a matter of law to establish that Vital met its burden of proving the amount in controversy by a preponderance of the evidence, I would vacate the district court’s order and remand to the district court to determine in the first instance, in light of the Cimino declaration, whether Vital met its burden of proving that the amount in controversy exceeds $5 million.
Vital asserted in its Notice of Removal that CAFA’s $5 million amount-in-controversy threshold is met. Aside from attempting to derive support from the allegations in plaintiffs complaint, the Notice alleged that “VITAL had total sales of ZERO IMPACT® Protein Bars in the last four years in excess of $5 Million,” citing a declaration by Vital’s controller, Richard Cimino. The district court’s remand order, which was quite thorough, expressly referred to Vital’s amount-in-controversy allegation in its Notice of Removal as a mere “aver[ment]” that was insufficient to establish that it is “more likely than not” that more than $5 million is in controversy. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir.1996) (establishing “preponderance of the evidence” as the removing defendant’s burden of proving the amount in controversy in cases where a plaintiffs state court complaint does not specify a particular amount of damages). The district court faulted Vital for not submitting “any documentation to support its claim that its sales exceeded $5 million,” noting that a declaration by Vital’s counsel, David Vendler, “only vaguely alleges that the amount in controversy is met.” The court did not refer at all to Cimino’s declaration, or explain why the controller’s sworn statement was insufficient.
I have serious doubts that the court actually saw and evaluated Cimino’s “documentary” evidence as support for the Notice’s allegation, and whether it would have found the evidence insufficient had it done so.[1] The district court is the appropriate jurisdictional factfinder, and we should not usurp that role, particularly on such an ambiguous record. We should vacate the district court’s order remanding this case to state court, and remand with instructions that the district court reconsider its finding in light of the Cimino declaration, or explain why it found the controller’s statement insufficient if that was the case.
My deference to the district court is not formalistic. Unlike my colleagues, I do not think Vital’s cursory showing was sufficient as a matter of law. The Cimino declaration is plainly conclusory and devoid of business record documentation or other foundation. But he is the controller, and purports to have personal knowledge of the facts. -Had the district court clearly confronted the shortcomings of Cimino’s “evidence,” I would have no trouble con- *1183 eluding that the court did not clearly err in rejecting it, and would affirm the district court’s remand to the state court. Absent that record, we should remand to the district court for further consideration. I cannot endorse Vital’s paltry showing as the new standard for meeting CAFA’s heretofore more demanding requirements. Cf. Tanoh v. Dow Chem. Co., 561 F.3d 945, 953 (9th Cir.2009) (noting that the “well-established presumption against federal removal jurisdiction” is applicable in the CAFA context); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir.2003) (order) (“Conclusory allegations as to the amount in controversy are insufficient.”). To this extent, I respectfully dissent.

. In addition to the district court's failure to mention the Cimino declaration much less discuss whatever deficiencies it found therein, the district court’s reference to counsel's declaration as "Defendant's affidavit” (singular) suggests that Vendler's declaration was the only declaration it reviewed.