JAMES E. GRAVES, JR., Circuit Judge, dissenting: In my view, CAFA’s non-retroactivity language prohibits counting the Lester plaintiffs toward the 100-person threshold that Defendants must satisfy in order to justify removal under CAFA’s “mass action” provision. I would therefore reverse the district court’s order and remand both Lester and Bottley to Louisiana state court. CAFA expanded federal diversity and removal' jurisdiction to include certain “mass actions,” which it defines as “any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs’ claims involve common questions of law or fact....” 28 U.S.C. § 1332(d)(11)(B)(i); see also Tanoh v. Dow Chem. Co., 561 F.3d 945, 952-53 (9th Cir. 2009). “CAFA, however, is not retroactive.” Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 571, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). Section 9 of CAFA expressly provides that “[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act,” namely, February 18, 2005. Pub. L. No. 109-2, 119 Stat. 4, 14; Braud v. Transp. Serv. Co., 445 F.3d 801, 803 (5th Cir. 2006). Reading these provisions together, it is clear that each of the “100 or more persons” needed to satisfy- CAFA’s “mass action” numerosity requirement must be named as a plaintiff in a civil action commenced on or after February 18, 2005. See Mississippi ex rel. Hood v. AU Optronics Corp., — U.S. —, 134 S.Ct. 736, 742-44, 187 L.Ed.2d 654 (2014) (holding that “the ‘100 or more persons’ referred to in the statute are ... the very ‘plaintiffs’ referred to later in the sentence” and that the word “plaintiffs” means “the actual named parties who bring an action”). Counting persons named as plaintiffs in an action commenced before CAFA’s enactment toward the 100-person threshold involves “applying” CAFA to that action; doing so would thus directly contravene § 9, which unambiguously states that CAFA’s provisions do not “apply” to such actions. See Apply, Black’s Law Dictionary (10th ed. 2014) (defining “apply” as “[⅜ put to use with a particular subject matter,” such as in the phrase “apply the law to the facts”); Apply, Merriam-Webster Dictionary (online ed.), available at https:// www.merriam-webster.com/dictionaiy/ apply (defining “apply” as “to put into operation or effect,” as in “apply a law”). The Lester plaintiffs commenced their action on December 20, 2002. CAFA therefore does not “apply” to Lester, and the Lester plaintiffs cannot be considered in determining whether Defendants have satisfied CAFA’s 100-person numerosity Requirement. The Bottley plaintiffs filed their suit on July 16, 2013, so CAFA “applies” to that action; however, there are only three plaintiffs in Bottley. Consequently, even if the Bottley plaintiffs’ motion to consolidate constituted a “joint trial proposal”—a question the court need not reach here— that proposal did not encompass “monetary relief claims of 100 or more persons” and thus did not create a “mass action” removable under CAFA. According to the majority, when the Bottley plaintiffs moved to consolidate their suit with Lester, “Bottley became a mass action subject to CAFA’s provisions, including the removal provisions.” The only way Bottley could have become a “mass action,” however, is by counting the Lester plaintiffs, which § 9 prohibits. The majority dismisses the notion “that a post-CAFA mass action encompassing civil actions commenced both before and after CAFA’s [enactment] cannot be removed.” But this statement assumes that a civil action commenced before CAFA’s enactment and another commenced after CAFA’s enactment can be combined to form a “mass action” in the first place; as explained above, they cannot. This point highlights the fundamentally circular nature of the majority’s reasoning: it begins by assuming that CAFA’s “mass action” provision applies to civil actions that § 9 expressly says CAFA does not apply to, and then concludes that CAFA permits the removal of any resulting “mass action,” even if removing one or more of the component civil actions on their own would run afoul of § 9’s non-retroactivity language. The Supreme Court has set forth a method for analyzing retroactivity provisions that is both straightforward and avoids question-begging analysis: “When a case implicates a federal statute enacted after the events in suit, the court’s first task is to determine whether Congress has expressly prescribed the statute’s proper reach.” Landgraf v. USI Film Prods., 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (emphasis added). Where Congress has done so, the court must simply follow the statute’s plain language. Id.; Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 838, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990); see also Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (“[W]hen the statute’s language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.” (internal quotation marks omitted) (quoting United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989))). Here, § 9 plainly excludes Lester from CAFA’s reach. The court should heed that directive. Neither Brand nor Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), supports' a contrary result. Brand held that the addition of a new defendant to a civil action filed before CAFA’s enactment “commenced” a new civil action as to that defendant. 445 F.3d at 804 (explaining that, the issue presented .in Brand was “not whether CAFA should apply to suits ‘commenced’ before February 18, 2005, but whether the addition of a new defendant ‘commences’ a new suit”); see also Admiral Ins. Co. v. Abshire, 574 F.3d 267, 273 (5th Cir. 2009). Here, the Bottley plaintiffs’ motion to consolidate did not seek to add any defendants to Lester or to Bottley. Accordingly, there is no merit to the majority’s claim that the plaintiffs in this case sought “to do by means of consolidation what Brand prohibits.” Like Brand, Lowery involved the post-CAFA addition of a new defendant to a single action commenced prior to CAFA’s enactment. 483 F.3d at 1187-88, Athough the court ultimately remanded on other grounds, it concluded.that the addition of the new defendant permitted removal of the entire “action,” not just the claims against the new defendant. Id. at 1195-97. Nothing in Lowery suggests that a motion to consolidate an action filed after CAFA’s enactment with a separate action filed pri- or to CAFA’s enactment permits removal of the latter. The majority refers to “CAFA’s int,ent to curb abuses of the judicial system,” but that is far too tenuous a basis for removal. CAFA is nota free-floating warrant authorizing federal courts to exercise jurisdiction over perceived instances of “procedural gamesmanship.” There must be a basis in the statutory text itself to conclude that CAFA permits a federal court to exercise removal jurisdiction over a given case. In this case, § 9 negates such a conclusion. See Tanoh, 561 F.3d at 952-54 (“[W]e cannot sensibly eiitertain the notion that Congress intended to allow courts to override the considered legislative limitations on the ‘mass action’ concept.”). This is certainly not one of those “‘rare’cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.’ ” Ron Pair Enters., 489 U.S. at 242, 109 S.Ct. 1026 (brackets removed) (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982)). Indeed, to the extent “procedural games-. manship” has occurred in this case, Defendants are arguably more culpable: they have exploited the Bottley plaintiffs’ motion to consolidate in order to haul the Lester and Bottley plaintiffs into federal court—despite CAFA’s plain text and the absence of any supporting caselaw. As a result, Lester, which was filed long before CAFA’s enactment and was on the eve of trial when it was removed, remains unresolved more than fifteen years after it was commenced. Cf, 119 Stat. at 5 (condemning “abuses” that “undermine[ ] public respect for our judicial system”). [[Image here]] Allowing these' áctions to be removed to federal court contravenes the plain meaning of CAFA’s non-retroactivity provision. I therefore respectfully dissent.