In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 08-8011

VIRDA BELL BULLARD, *et al.*,

*Plaintiffs-Appellants,*

*v.*

BURLINGTON NORTHERN SANTA FE
RAILWAY COMPANY, *et al.*,

*Defendants-Appellees.*

———————

Petition for Leave to Appeal from
the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 07 C 6883—**Matthew F. Kennelly**, *Judge.*

———————

SUBMITTED JULY 17, 2008—DECIDED AUGUST 1, 2008

———————

Before EASTERBROOK, *Chief Judge*, and ROVNER and
EVANS, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.   A complaint identifying
144 plaintiffs sought damages from four corporations that
had designed, manufactured, transported, or used chemi-
cals that allegedly escaped from a wood-processing
plant and injured people living nearby. Defendants re-
moved the suit from the Circuit Court of Cook County,
Illinois, to the United States District Court for the
Northern District of Illinois. They relied on a provision of
the Class Action Fairness Act that creates federal juris-

diction over class litigation—including "mass actions" in which plaintiffs propose a trial involving the claims of 100 or more litigants—if at least one plaintiff demands $75,000, the stakes of the action as a whole exceed $5 million, and minimal diversity of citizenship exists. 28 U.S.C. §1332(d)(11).

Plaintiffs moved to remand. They acknowledge that the amount-in-controversy and diversity-of-citizenship requirements have been satisfied, but they deny that the suit is a "mass action." They insist that a complaint never proposes a trial. According to plaintiffs, defendants may remove a "mass action" only on the eve of trial, once a final pretrial order or equivalent document identifies the number of parties to the trial. The district judge denied the motion for remand, and plaintiffs have asked for leave to appeal under 28 U.S.C. §1453(c)(1).

We grant this petition, because the legal issue is novel. It has not been addressed in this or any other circuit. The statute's meaning should be settled, to avoid the risk that lengthy and expensive efforts in one judicial system or the other will be wasted. Because the district court's conclusion is the only sensible reading of §1332(d)(11), we affirm summarily.

The Class Action Fairness Act creates federal jurisdiction over (and thus allows the removal of) multi-state class actions with substantial stakes. Any statute governing class actions must define that term carefully, or plaintiffs who want to litigate in state court will devise close substitutes that escape the statute's application. Section 1332(d)(11)(A) defines "class action" to include any "mass action", which per §1332(d)(11)(B)(i) is a suit "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that plaintiffs' claims involve common questions of law or fact".

Plaintiffs' lawyers, who want to avoid federal court, have designed a class-action substitute. Their complaint alleges that several questions of law and fact are common to all 144 plaintiffs; it provides no more information about each individual plaintiff than an avowed class complaint would do. No one supposes that all 144 plaintiffs will be active; a few of them will take the lead, just as in a class action, and as a practical matter counsel will dominate, just as in a class action. Nonetheless, plaintiffs say, they are entitled to litigate in state court because the Class Action Fairness Act has a loophole. Section 1332(d)(11)(B)(i) refers to "claims of 100 or more persons . . . proposed to be tried jointly". Complaints do not propose trials, plaintiffs insist; they'd be happy to win by summary judgment or settlement. Plaintiffs contrast §1332(d)(11)(B)(i) with §1332(d)(1)(B), which says that a "class action" is a suit that is "filed" as a representative proceeding under Fed. R. Civ. P. 23 or an equivalent rule of state law. A proposal to hold a large trial comes after the complaint, so it cannot meet the filing requirement of §1332(d)(1)(B), plaintiffs conclude.

If this is right, however, then §1332(d)(11) is defunct, because it defines a class action to *include* a mass action. By plaintiffs' lights, no "mass action" could *ever* be a "class action", for a suit cannot be identified as a "mass action" until close to trial, while a suit is a "class action" or not, under §1332(d)(1)(B), on the date of filing. Courts do not read statutes to make entire subsections vanish into the night.

An alternative reading of §1332(d), which gives force to both §1332(d)(1)(B) and §1332(d)(11), is that litigation counts as a class action if it is either filed as a representative suit or becomes a "mass action" at any time. That

could be long after filing. Think of 15 suits, with (say) 10 plaintiffs each, that are proposed to be tried jointly. The prospect of a single trial with 150 plaintiffs would convert all 15 suits into one "mass action" under §1332(d)(11)(B) and allow removal within 30 days after the proposal for a joint trial. (Section 1446(b) ¶2 allows removal within 30 days of any event that brings a previously non-removable suit within federal jurisdiction.) The prospect of this situation is why §1332(d)(11) allows the definition to be applied after the suits' filing date. But nothing in §1332(d)(11) says that the eve of trial is the *only* time when a "mass action" can be detected.

The district court concluded that one complaint implicitly proposes one trial. Illinois, where this complaint was filed, allows the joinder of multiple plaintiffs in a single suit only where the claims arise out of "the same transaction or series of transactions" and "common questions of law or fact" are present. 735 ILCS §5/2-404. That's exactly when a single trial is appropriate. (A state whose rules allowed the joinder of unrelated parties and claims could pose a different question about the application of §1332(d)(11).) It does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed. This complaint, which describes circumstances common to all plaintiffs, proposes one proceeding and thus one trial.

In a filing after removal, plaintiffs said that they might be satisfied with a trial covering fewer than all 144 of their number. They call this a "stipulation," which it isn't. A stipulation is an agreement of the parties, but all we have here is a unilateral description of one side's position. And we doubt that anything filed after a notice of removal can affect federal jurisdiction. See *St. Paul Mercury Indem-*

*nity Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). But no matter.

A proposal to hold multiple trials in a single suit (say, 72 plaintiffs at a time, or just one trial with 10 plaintiffs and the use of preclusion to cover everyone else) does not take the suit outside §1332(d)(11). Recall the language of §1332(d)(11)(B)(i): any "civil action . . . in which monetary relief *claims* of 100 or more persons are proposed to be tried jointly" is treated as a "class action" (emphasis added). The question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are proposed to be tried jointly. A trial of 10 exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly, and §1332(d) thus brings the suit within federal jurisdiction.

AFFIRMED