PRISCILLA R. OWEN, Circuit Judge: ExxonMobil Oil Corporation removed the underlying suits as a “mass action” pursuant to the Class Action Fairness Act of 2005.[1] The consolidated interlocutory appeals of Warren Lester, et al. and Shirley Bottley, et al. (Plaintiffs) challenge the district court’s order denying their respective motions to remand. We affirm. I The Class Action Fairness Act (CAFA) “applies to any civil action commenced on or after” CAFA’s effective date, February 18, 2005.[2] CAFA expands federal removal jurisdiction over certain class and mass actions that satisfy CAFA’s jurisdictional requirements.[3] This appeal raises two issues of first impression in this circuit: (1) whether a motion to consolidate and transfer related state court suits effectuates a “mass action” removable under CAFA; and (2) if so, whether CAFA may be invoked as a basis for removal when one of the underlying suits comprising the purported mass action commenced prior to CAFA’s 2005 effective date. The lawsuits originated in Louisiana civil district court. In 2002, over 600 plaintiffs filed a petition in Warren Lester, et al. v. Exxon Mobil Corporation, et al. alleging personal injury and property damage claims arising from naturally occurring radioactive Raterial (NORM). The state court utilized a “flighting” system to segregate the Lester plaintiffs’ claims into smaller trials or “flights.” Plaintiffs claim there is no preclusive effect between flights and thus far, no flight has involved more than twelve plaintiffs. In 2013, Shirley Bottley, Jovane Benoit, and Juajuan Benoit filed a wrongful death and survival action—Shirley Bottley et al. v. Exxon Mobil Corp., et al.—seeking to recover for injuries to and the death of Cornelius Bottley. Prior to his death, Cornelius Bottley had been a plaintiff in Lester. The Lester and Bottley plaintiffs are represented by the same counsel. Shortly thereafter, the state court in Lester set for trial a flight of eight plaintiffs—the Louisiana Texas Oilfield Inspection Service Flight (LTOIS)—which included Cornelius Bottley’s claim. Apparently hoping to join the LTOIS flight for trial, the Bottley plaintiffs moved to transfer and consolidate their three-plaintiff suit with Lester. ExxonMobil Oil Corporation (Mobil Oil)—a named defendant only in Bottley—promptly removed both suits. Mobil Oil claimed Bottley and Lester were removable as a newly commenced mass action under CAFA.[4] At the time of removal, over, 500 plaintiffs remained in Lester. Both the Bottley and Lester plaintiffs moved for remand asserting a lack of subject matter jurisdiction. They claimed that the Bottley plaintiffs’ consolidation motion did not give rise to a mass action, and in any event, GAFA did not provide an opportunity for removal because the Lester action was commenced prior -to CAFA’s effective > date. The district court denied remand, ordered Bottley consolidated with Lester, and later denied Plaintiffs’ Motion for Reconsideration.[5] Recognizing that its decision “resolve[d] a significant jurisdictional question,” the district court advised that “it might, be wise for the parties to seek Fifth Circuit review at the beginning of the long and costly process of serial trials in this matter.” The Bottley and Lester plaintiffs then filed a petition for permission to' appeal under 29 U.S.C. § 1292(b), and this .court granted that petition. We conclude that Mobil. Oil was permitted to remove both Bottley and Lester to federal court as a mass action under CAFA. II CAFA authorizes the removal of “mass actions,” defined as “any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs’ claims involve common questions of law or1 fact.”[6] Excluded from that definition is any civil action in which “the claims are joined upon motion of a defendant,” or “the claims have been . consolidated ' or coordinated1 solely for pretrial proceedings.” [7] CAFA’s amount in controversy and minimal diversity requirements are not in dispute,[8] “We review a district court’s denial of a motion to remand for lack of subject matter jurisdiction de novo,”[9] and the district court’s construction of CAFA presents questions of law that we also review de novo. Mobil Oil contends, and the district court concluded, that the mass action inquiry is focused on what plaintiffs proposed. Mobil Oil argues that the Bottley plaintiffs’ filing of a motion to consolidate effectuated a mass action under CAFA— Bottley plus Lester easily meets CAFA’s 100-person numerosity requirement. In their briefs, however, Plaintiffs argued that the Bottley motion did not propose a joint trial of 100 or more persons. Their arguments essentially are comprised of three main contentions: (1) there is no mass action because, they assert, the motion for consolidation was not granted by thp state trial court prior to removal, (2) the Bottley motion intended to propose a joint trial only with the LTOIS flight, and (3)Lester's procedural history, involving small trial flights with no accompanying preclusive effect, indicates the absence of a joint trial involving 100 or more persons. As a factual matter, the record is unclear regarding whether the state court signed a consolidation order. That ambiguity is immaterial to the mass action inquiry, however, because the plain language of CAFA indicates that- a mass action arises upon a proposal for joint trial.[10] “[T]he language selected by Congress must be given effect.”[11] The Bottley plaintiffs moved to consolidate their case with the Lester case, not just the flight set for trial. The Bottley plaintiffs requested’ transfer to “effect a consolidation for purpose of trial pursuant to Article 1561 of the Louisiana Code of Civil Procedure,” Article 1561, titled “Consolidation for Trial,” provides: When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate....[12]' The Bottley motion alleged that ’ the eases involved “overlapping liabilities, damages, and questions of law and fact” and “[t]he determination of any of these issues in either case will have great bearing on the other and vice versa.” It further stated that consolidation was sought in “an effort to seek judicial efficiency.” Additionally, as. noted by the district court, Louisiana case law seems to have interpreted Article 1561, in accord with the article’s plain language,, to only permit consolidation for trial, as opposed to pretrial, purposes.[13] To the extent, Lester claims the Bottley motion sought consblidation only with Cornelius Bottley’s “lawsuit,”, or to be set for trial with the upcoming LTOIS flight, the argument is contrary to Louisiana law. In any event,- the motion to consolidate that the Bottley plaintiffs filed did not seek to consolidate their claims with only the Bottley claim in Lester, and it would have been impossible .to do so, since Bottley’s claim in Lester was but one claim in a single, larger, action. The proposal was to consolidate the Bott-ley suit with the Lester suit. Whether CAFA applies does not and cannot depend on how a state .trial court actually manages various claims within a larger action. The focus of CAFA is the consolidation-that is proposed.[14] Accordingly, CAFA’s applicability cannot turn on the fact that the state trial court in Lester had, at least as of the time of removal, employed “flights” to try some of the individual claims in smaller clusters: With regard to CAFA’s provisions, decisions from our sister Circuit Courts are instructive. Based on facts similar to those in the present case, the Seventh Circuit held that the plaintiffs had proposed a joint trial. In In re Abbott Laboratories, Inc.,[15] plaintiffs from ten separate lawsuits, totaling 100-plus in. the aggregate, moved for consolidation, “through trial,” “not solely fpr .pretrial proceedings,” and to “eliminate duplicative discovery and pretrial litigation, prevent inconsistent pretrial and trial rulings, and thereby promote judicial efficiency.”[16] In Corber v. Xanodyne Pharmaceuticals, Inc.,[17] the Ninth Circuit held that plaintiffs proposed a joint trial when they filed petitions to coordinate their actions.[18] Though the plaintiffs’ petitions focused on pre-trial purposes, they also requested coordination “for all purposes” and cited concerns of inconsistent judgments and conflicting determinations of liability.[19] The facts of this case differ from those in Parson v. Johnson & Johnson,[20] in which the Tenth Circuit determined that a joint trial was not proposed.[21] That court rejected the contention that plaintiffs had proposed a joint trial by filing twelve separate suits, each involving fewer than 100 plaintiffs, in the same court before the same judge.[22] In each complaint, the plaintiffs explicitly disclaimed any intention to propose a joint trial.[23] The court further emphasized that no proposal “may be inferred ... where [plaintiffs] made no request that the claims be consolidated or coordinated for trial in any way.”[24] The Plaintiffs contend that there is no joint trial proposal unless it is proposed that a court hear 100 or more plaintiffs’ claims together, or hear an “exemplar” case followed by the application of claim or issue preclusion to other plaintiffs. Plaintiffs cite language from the Seventh Circuit’s opinion in Bullard v. Burlington Northern Santa Fe Railway Co.[25] There, the court opined by way of example that a trial that involved only “10 exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly.”[26] The court’s example, however, was by no means exhaustive. In fact, the court also said that “[a] proposal to hold multiple trials in a single suit [with] say, 72 plaintiffs at a time ... does not take the suit outside [28 U.S.C.] § 1332(d)(ll).”[27] As the Seventh Circuit later explained in Abbott, “a joint trial can take different forms as long as the plaintiffs’ claims are being determined jointly.” [28] In any event, the Lester claims were filed under one complaint involving common issues of law and fact, in one forum, by the same attorneys. The plaintiffs in Bottley, represented by the same counsel as the Lester plaintiffs,- then sought consolidation with Lester, not with a limited number of claims that were part of Lester. In sum, the Bottley consolidation motion proposed a joint trial of 100 or more plaintiffs’ claims, a mass action under CAFA. Plaintiffs contend that this conclusion creates a “dangerous precedent” by “allowing] non-parties to trigger removal while the actual parties-plaintiff in the case have done nothing.”[29] We need not resolve whether a plaintiff represented by separate counsel can unilaterally trigger CAFA by filing an opposed motion to consolidate a standalone case with a preexisting suit, because here the same lawyers represented the plaintiffs in both Lester and Bottley. Ill This court must also determine, however, whether CAFA applies to Bottley and Lester given that Lester commenced well prior to CAFA’s effective date. Removal of Lester, the Plaintiffs contend, is impermis-sibly retroactive. They deduce that Bottley is also not removable because Bottley is only a “mass action” when paired with the number of claimants in Lester. Section 9 of CAFA provides that “[t]he amendments made by this Act apply to any civil action commenced on or after the date of enactment of this Act,” which was February 18, 2005.[30] “[CAFA] does not apply retroactively.”[31] State law determines when a civil action “commences” for purposes of CAFA.[32] Under Louisiana law, “a suit is commenced by filing of a pleading presenting the demand to a court of competent jurisdiction.”[33] The Lester action was filed on December 20, 2002; the Bottley action was filed on July 16, 2013. In its brief, Mobil Oil argued that the date on which a mass action came into existence is the relevant “commencement.” At oral argument, Mobil Oil posited that because Bottley commenced post-CAFA, both Lester and Bottley are removable. Plaintiffs initially only argued that the district court erred in its reliance on a prior decision of this court, Braud v. Transport Service Co. of Illinois. But in their reply brief and at oral argument, they cited new authority, Admiral Insurance Co. v. Abshire, [34] for the proposition that though CAFA jurisdiction may exist over the Lester-Bottley mass action, removal can still be improper. After considering CAFA’s text, we conclude that both Lester and Bottley were properly removed, though not for the reasons cited by the district court.[35] The district court relied on Brand. In Brand, we held that a post-CAFA amendment to a pleading adding a new defendant to a pre-CAFA suit re-commences the suit as to the added defendant.[36] The district court in the present case opined that “an amendment adding Mobil Oil as a party would indeed be a ‘commencement’ sufficient to trigger the option of removability. A valid state court order consolidating Lester and Bottley would certainly grant Mobil Oil the right to remove as a ‘new defendant’ under Brand.” Brand, however, did not entirely answer the question presented. It is problematic to equate amending a complaint with consolidation in all eases. For example, in Brand, the amended pleading adding a new defendant rendered the added defendant liable to all class action plaintiffs. With consolidation, this would not necessarily be so. Indeed, Plaintiffs argue that under Louisiana law, consolidation would not make Mobil Oil “a defendant in' both cases,” as the district court posited-.. Rather, Louisiana law consistently holds that consolidation does not effect a “merger” of consolidated suits unless there is a clear intention-to do so,-and Mobil Oil does not claim that it is now a defendant as to each plaintiff in Lester and Bottley.[37] In Admiral Insurance, which involved a class' action, not a mass action,[38] we explained that while the term “civil action” in § 9 of GAFA may encompass a “class action,” the terms are not synonymous.[39] “A ‘civil action’ may commence before it becomes a ‘class action,’ and Congress selected the commencement of the ‘civil action’ as the relevant event under CAFA’s effective-date provision.”[40] Similarly, • as relevant 'here, a “civil action” or many “civil action[s]” may commence before they become a “mass action.”[41] It is of course true that Lester alone could not'be removed.-It does not follow, however, that a post-CAFÁ" mass action encompassing civil actions- commenced both before and after CAFA’s commencement cannot be removed. Congress said CAFA applies to “any civil action commenced” after its effective date.[42] The Bottley suit is a civil action that was commenced after CAFA’s effective date. It became a “mass action” when the Plaintiffs proposed that the claims be tried jointly with those in Lester. Under CAFA, “the term ‘mass action’ means any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs’ claims involve common questions of law or fact.”[43] The Bottley action comes within “any civil action” because it is a civil ¿ction commenced after the effective date of CAFA, and when it was proposed that Bottley be consolidated with Lester, Bott-ley became a mass action subject to CAFA’s provisions, including the removal provisions. Plaintiffs’ argument commingles § 9 and CAFA’s jurisdictional provisions. We made clear in Admiral Insurance that § 9 and CAFA’s jurisdictional ’provisions ask different questions^—“there are still suits for which jurisdiction exists but for which removal is improper.”[44] But unlike in Admiral Insurance, where a class action existed for jurisdictional purposes but there was no commencement post-CAFA, both prongs are met here. All § 9 requires is that “any civil action” be commenced after CAFA’s enactment.[45] Bottley is that civil action; it is the basis for CAFA’s applicability. This comports with our holding in Braud, that “it is the [mass] ‘action,’ not claims against particular defendants, that is removable.”[46] Though our statement there supported the, conclusion that post-removal events do not oust CAFA jurisdiction, the Eleventh Circuit applied the principle in more analogous circumstances in Lowery v. Alabama Power Co,[47] There, a defendant added post-CAFA to a pre-CAFÁ suit brought by over 400 plaintiffs removed the entire suit as a mass action.[48] Because the plaintiffs did not dispute that CAFA was applicable to the newly added defendant,[49] the Lowery court only had occasion to consider whether the. pre-CAFA defendants could “tag along” in removal.[50] Answering in the affirmative and citing Braud, the court averred that CAFA’s reference to “ ‘actions,’ as opposed to ‘claims,’ suggests that removal under CAFA is broadly inclusive.”[51] The Eleventh Circuit further noted that permitting removal over the suit as a whole, inclusive of the pre-CAFA claims, was consistent with congressional intent.[52] The Eleventh Circuit explained: First, as to the statutory purpose, Congress expressly intended CAFA to expand federal diversity jurisdiction over class actions. To read the plain language of the removal provisions narrowly, such that removal would only be available as to claims against the particular removing defendants, would frustrate congressional intent that CAFA be used to provide for more uniform federal disposition of class actions affecting interstate commerce. As a result of such a reading, certain defendants in a lawsuit could unilaterally elect to have the claims against them heard in a federal court while other defendants would .be excluded from that forum, notwithstanding that all the' claims against both sets of defendants arose from the same group of plaintiffs on comjnon issues of law and fact. Such a result would run counter to the express purposes of CAFA.[53] We agree. As stated in Lowery, “the removal of the claims against all the defendants either stands or falls as a whole.”[54] Because the Bottley claims are component parts of a mass action removable under CAFA and the Bottley suit' was commenced after CAFA’s enactment date, Mobil Oil was permitted to remove the mass action as a whole. Furthermore, it is immaterial to the removal inquiry that Mobil Oil was not a defendant in Lester. CAFA’s removal provision, 28 U.S.C. § 1453, permits removal of a. class action, defined to include malss actions.[55] Mobil Oil is a defendant to the Bottley-Lester mass action. We reject Plaintiffs’ assertion that Mobil Oil lacked standing to remove Lester. The quandary in which Plaintiffs find themselves in is of their own making. Plaintiffs were well aware that amending the Lester complaint to add the Bottley claims asserted against Mobil Oil could trigger CAFA based on the reasoning of Braud. In fact, the Lester plaintiffs sought leave to file a petition adding seven new defendants, including Mobil Oil, in 2006.[56] The Lester action was promptly removed by one of the potential new defendants but ultimately remanded because the amendment had not yet been filed.[57] Now, Plaintiffs seek to do by means of consolidation what Braud prohibits. But their theory would permit groupings of 99 plaintiffs to seek out sufficiently similar pre-CAFA suits, move for consolidation, and evade CAFA. Construing CAFA to permit this procedural gamesmanship is at odds with CAFA’s intent to curb abuses of the judicial system.[58] IV As previously stated, the district court consolidated Lester and Bottley when it denied Plaintiffs’ motion to remand. A district court is permitted to order consolidation pursuant to Federal Rule of Civil Procedure 42(a) sua spouted.[59] Rule 42(a) is “the proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court.”[60] Plaintiffs did not dispute the correctness of the district court’s consolidation order. Plaintiffs claim they moved for state court consolidation for the very reasons animating Rule 42(a), and the district court did not err in consolidating the cases after removal. [[Image here]] The order of the district court is AFFIRMED. . Pub. L. No. 109-2, 119 Stat. 4 (codified'in scattered sections of 28 U.S.C.). . Braud v. Transp. Serv. Co. of Ill., 445 F.3d 801, 803 (5th Cir. 2006) (quoting CAFA § 9, 119 Stat. at 14). . 28 U.S.C. § 1332(d). . Exxon Mobil Corporation, a defendant named in both suits, is a separate and distinct entity from ExxonMobil Oil Corporation (Mobil Oil), the removing party. .After we issued an order granting Plaintiffs’ interlocutory appeal, Plaintiffs also sought permission to appeal the district court's order denying Plaintiffs' Motion for Reconsideration pursuant to 28 U.S.C. § 1453(c), See Motion for Permission to Appeal at 1-3, Lester et al. v. Exxon Mobil Corp. et al., No. 15-90002 (5th Cir. Jan. 23, 2015), DCN No. 2. We denied that request. See Order Denying Motion for Leave to Appeal, Lester et al. v. Exxon Mobil Corp. et al. No. 15-90002 (5th Cir. Mar. 11, 2015), DCN No. 34. . 28 U.S.C. § 1332(d)(ll)(B)(i). . Id. § 1332(d)(IÍ)(B)(ii)(II), (IV). . Id. § 1332(d)(2), (6). . Hood ex rel. Mississippi v. JP Morgan Chase & Co., 737 F.3d 78, 84 (5th Cir. 2013) (per curiam) (citing Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013)). . 28 U.S.C. § 1332(d)(ll)(B)(i). . Quarles v. St. Clair, 711 F.2d 691, 698 (5th Cir. 1983). . La. Code Civ. Proc. art. 1561. . See Boh v. James Industrial Contractors, LLC, 2003-1211, p. 11-12 (La. App. 4 Cir. 2/11/04), 868 So.2d 180, 186, writ denied sub nom. Boh v. James Indus. Contractors, 2004-0456 (La. 3/5/04), 869 So.2d 801. . See Bullard v. Burlington N. Santa Fe Ry. Co., 535 F.3d 759, 762 (7th Cir. 2008) ("It does not matter whether a trial covering 100 or more plaintiffs actually ensues; the statutory question is whether one has been proposed.”), . 698 F.3d 568 (7th Cir. 2012). . Id. at 570-71 (internal quotation marks omitted). . 771 F.3d 1218 (9th Cir. 2014). . Id. at 1223. . Id. at 1223-24 (internal quotation marks omitted). . 749 F.3d 879 (10th Cir. 2014). . See id. at 886-87. .Id. . Id. at 888 & n.3 ("The complaints state that '|j]oinder of Plaintiffs' claims is for the purpose of pretrial discovery and proceedings only and is not for trial.’ "). . Id. at 888. . 535 F.3d 759 (7th Cir. 2008). . Id. at 762. . Id. . In re Abbott Labs., Inc., 698 F.3d 568, 573 (7th Cir. 2012). . Cf. Briggs v. Merck Sharp & Dohme, 796 F.3d 1038, 1049 (9th Cir. 2015) (suggesting that “either” of two plaintiffs groups may unilaterally trigger CAFA). . Pub. L. No. 109-2, 119 Stat. 4, 14 (2005). . Admiral Ins. Co. v. Abshire, 574 F.3d 267, 273 (5th Cir. 2009). . Id.; Brand v. Transp. Serv. Co. of Ill., 445 F.3d 801, 803 (5th Cir. 2006). . Braud, 445 F.3d at 803. . 574 F.3d 267 (5th Cir. 2009). . We wish to note that both parties advanced new theories and authorities on appeal that were not before the district court. .Braud, 445 F.3d at 804-05. . See Davis v. Am. Home Prods. Corp., 95-1035 (La. 5/19/95), 654 So.2d 681 (mem.) (Calogero, C.J., concurring in denial of writ); Ricks v. Kentwood Oil Co., 2009-0677, p. 5 (La.App. 1 Cir. 2/23/10), 38 So.3d 363, 366 (La. Ct. App.); Johnson v. Shafor, 2008-2145, p. 11 (La. App. 1 Cir. 7/29/09), 22 So.3d 935, 941 (La. Ct. App.) writ denied, 2009-1921 (La. 11/20/09), 25 So.3d 812; Dendy v. City Nat. Bank, 2006-2436, p. 6 (La. App. 1 Cir. 10/17/07), 977 So.2d 8, 11 (La. Ct. App.). . 574 F.3d at 270. . Id. at 273-74. . Id. at 274. . See Bullard v. Burlington N. Santa Fe Ry., 535 F.3d 759, 762 (7th Cir. 2008) C[L]itigation counts as a class action if it is either filed as a representative suit or becomes a 'mass action’ at any time. That could be long after filing..., The prospect of this situation is why § 1332(d)(ll) allows the definition to be applied after the suits’ filing date.”). . Pub. L. No. 109-2, 119 Stat. 4, 14 (2005) (emphasis added), . 28 U.S.C. § 1332(d)(ll)(B)(i). . 574 F.3d at 279. . 119 Stat. at 14 (emphasis added). . Braud v. Transp. Serv. Co. of Ill., 445 F.3d 801, 808 (5th Cir. 2006) (citing Dinkel v. General Motors Corp., 400 F.Supp.2d 289, 294 (D. Me. 2005)). . 483 F.3d 1184 (11th Cir. 2007). . Id. at 1187-88. . Id. at 1195-97 & n.28 ("[Plaintiffs ... have not argued that CAFA is wholly inapplicable to the entire case. In other words, plaintiffs do not dispute that CAFA applies to Alabama Power, which was added as a-defendant after CAFA’s effective date.”). In a footnote, the Eleventh Circuit nevertheless cited our opinion in Braud for the proposition that' a defendant added post-CAFA via amendment may re-commence the suit as to that defendant. Id. at 1195 n.28. . Id, .at 1196. . Id. at 1196-97. . Id. at 1197. . Id. (internal citations omitted). . Id. . 28 U.S.C. § 1453(a)-(b). . Lester v. Exxon Mobil Corp., 2007 WL 1029507, at *1 (E.D. La. Mar. 29, 2007). . Id. at *2. . See CAFA, Pub. L. No. 105-2, § 2, 119 Stat. 4, 5 (2005). . Miller v. U.S. Postal Serv., 729 F.2d 1033, 1036 (5th Cir. 1984). . Id. (quoting Thomas v. Deason, 317 F.Supp. 1098, 1099 (W.D. Ky. 1970)).